The four opinions which follow were not originally designated for publication, but upon inspection they are found to settle, more definitely, the questions on which they bear, than any opinions heretofore reported, and are, therefore, thought worthy of publication.          REPORTER.

## Perrin *vs* Thurman.

APPEAL FROM THE LINCOLN CIRCUIT.

*Lien by execution.*

JUDGE UNDERWOOD delivered the Opinion of the Court—The Chief Justice did not sit in this case.

THIS case has heretofore been before this Court. The opinion pronounced is reported in 4 *Monroe,* 176, and to which we refer for the facts necessary to understand the controversy. Upon the return of the cause to the Circuit Court, the declaration was amended. It was again demurred to. The demurrer was overruled, and we think correctly, for the amended declaration contains every essential averment required by the decision of this Court. Perrin renewed his plea asserting that a lien had been created by the levy of Susanna Lee's execution on the house and lot, which lien Thurman was bound to remove, in compliance with the precedent condition to be performed by him. To this plea the plaintiff in the Circuit Court demurred, the Court sustained the demurrer, and the defendant, now appellant, failing to make further defence, a verdict and judgment were rendered against him, to reverse which he has appealed.

The validity of Perrin's plea is the only question for consideration. The execution which was levied on the house and lot, in favor of S. Lee, issued on the 10th of November, 1824, and was levied on the 18th of December, 1824. The property was advertised for sale on the 22d January, 1825. The execution was not endorsed that notes on the Bank of the Commonwealth might be received by the officer in payment; the property was valued, offered for sale, and not sold for want of bidders. All these facts appear from the allegations of the plea,

COVENANT.

*Case 1.*

*April* 7, 1830.

Under the execution law of 1821, (*5th Sec.* 1 *Dig.* 509,) when real property would not sell for three-fourths of the valuation, it was released from the levy, though subject to other executions.

Vol. II.                    66

SNEED'S HEIRS  and taken altogether, show that the house and lot was
*vs*  released from the effects of the levy, so that there was no
WARING.  existing lien in consequence thereof. The 5th section of
the act of 1821, (under which act the proceedings upon
the execution were had,) 1 *Digest,* 509, expressly pro-
vides that the property and real estate not sold for three-
fourths of its value, shall be released from the execution,
but shall be again liable to any future execution; thereby
clearly showing that the lien does not continue where the
officer offers the property for sale and it will nót sell for
three-fourths of its value. The plea was, therefore, bad.

The judgment must be affirmed with costs and dam-
ages.

*Anderson* for appellant; *Denny* for appellee.